UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: ) **JUDGE RICHARD L. SPEER**
)
Christine Fay Missler )
) Case No. 08-3035
Debtor(s) )
) (Related Case: 07-30804)
Louis J. Yoppolo, Trustee )
)
Plaintiff(s) )
)
v. )
)
Mark Missler, et al. )
)
Defendant(s) )

### DECISION AND ORDER

This cause comes before the Court on the Motion of the Plaintiff/Trustee for Summary Judgment. (Doc. No. 31). The Plaintiff's Motion is brought in support of his Complaint to Sell Jointly Owned Property pursuant to 11 U.S.C. § 363(h). (Doc. No. 1). With his Motion for Summary Judgment, the Trustee filed a supporting memorandum, with the Defendants, Martha Cox and Mark Missler, thereafter filing a Response thereto. (Doc. No. 37). The Court has now had the opportunity to review the arguments presented by the Parties, together with all of the evidence submitted in this case. Based upon this review, the Court, as now explained, finds that the Plaintiff/Trustee's Motion for Summary Judgment should be Denied.

Louis J. Yoppolo, Trustee v. Mark Missler, et al.
Case No. 08-3035

## FACTS

The Debtor, Christine Missler, filed a petition in this Court for Relief under Chapter 7 of the United States Bankruptcy Code. The Plaintiff, Louis Yoppolo, was thereafter appointed as trustee of the Debtor's bankruptcy estate.

At the time she filed her petition for relief, the Debtor, along with the Defendant, Mark Missler, held remaindermen interests in a single parcel of real property. The Co-Defendant, Martha Cox, is the holder of the life estate interest in this parcel of real property. The property, a residence, is purported to be encumbered by a lien held against the Debtor's interest in the property in the amount of $9,419.85. The Creditor holding the asserted lien was named as CACV of Colorado, LLC. A recent appraisal indicated a fair market value for the entire property of $46,500.00. (Doc. No. 37, Ex. A).

## DISCUSSION

In his Motion for Summary Judgment, the Trustee seeks authority, pursuant to 11 U.S.C. § 363(h), to "sell both the Estate's 1/2 remainder interest in the property in question, as well as the interest of the other joint tenants who hold a remainder interest." (Doc. No. 31, at pg. 5).[1] Matters concerning the sale of estate property are deemed to be core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)/(N)/(O). Accordingly, this Court has jurisdiction to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

---

[1] In his Complaint, the Trustee had also sought authority to sell the life tenant's interest. In *Kovacs v. Sargent (In re Sargent)*, 337 B.R. 661, 666-67 (Bankr. N.D.Ohio 2006), however, this Court held that where a debtor holds only a remainderman interest, § 363(h) does not permit a trustee to sell the property free from the interest of the life tenant. In his Motion for Summary Judgment, the Trustee no longer seeks to sell the life estate interest.

Page 2

Louis J. Yoppolo, Trustee v. Mark Missler, et al.
Case No. 08-3035

Procedurally, the Trustee brings his action to sell property of the estate on a motion for summary judgment. Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, sets forth the standard for a summary judgment motion and provides, in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the movant must demonstrate all the elements of his cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

At the commencement of a bankruptcy case, an estate is created comprised of "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a). A bankruptcy trustee is charged with administering property of the estate. 11 U.S.C. § 323. In a case, such as this, filed under Chapter 7 of the Bankruptcy Code, the trustee's administrative duties include collecting and reducing to money property of the estate for distribution to the debtor's unsecured creditors. 11 U.S.C. § 704.

In order to facilitate a trustee's duty to administer a debtor's bankruptcy estate, § 363 empowers a trustee to sell estate property. This power, however, is circumscribed in a number of respects. The first such limitation, for example, set forth in § 363 provides that court approval is necessary before a trustee may sell property of the estate outside the ordinary course of business. 11 U.S.C. § 363(b)(1).

In addition, when another entity holds an interest in the same property in which the estate also holds an interest, § 363(h) prescribes the conditions under which the property may be sold. In this

Page 3

Louis J. Yoppolo, Trustee v. Mark Missler, et al.
Case No. 08-3035

matter, the Trustee relies on his compliance with this provision as the basis for his right to sell the remaindermen interests of the Debtor and the Defendant, Mark Missler, in their property. This provision provides:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if–
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The Trustee carries the burden of showing that a sale under § 363(h) is proper. *Yoppolo v. Schwenker (In re Ziegler)*, 396 B.R. 1, 3 (Bankr. N.D.Ohio 2008). To carry this burden, this Court recently explained: "A sale pursuant to § 363(h) is permissible only if the four conditions, as set forth in those paragraphs numbered (1) through (4), are met. Additionally, the applicability of § 363(h) is limited by a threshold question: whether, at the time of the commencement of the case, the debtor held an undivided interest in the property, as determined under applicable non-bankruptcy law, that was classified as a (1) tenancy in common, (2) joint tenancy, or (3) tenancy by the entirety?" *Id.*

Page 4

Louis J. Yoppolo, Trustee v. Mark Missler, et al.
Case No. 08-3035

In their opposition to the Trustee's Motion for Summary Judgment, the Defendants stipulated that, concerning the threshold question, the property interest to be sold, as between the Debtor and the Defendant, Mr. Missler, qualifies as a joint tenancy. (Doc. No. 37, at pg. 5). Likewise, the Defendants stipulated that, concerning the last of the numbered paragraphs in § 363(h), the property to be sold is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. *Id.*

The Defendants' opposition to the Trustee's Motion for Summary Judgment, instead, is directed solely on the applicability of the first three of the numbered paragraphs in § 363(h). In addition, the Defendants, in opposing the Trustee's Motion for Summary Judgment, raised an issue of procedure, arguing that the Trustee failed to join a necessary party – the lien holder, CACV of Colorado, LLC – as required by Bankruptcy Rule 7019. Each of these points in opposition to the Trustee's Motion for Summary Judgment will be now addressed herein.

The first condition on the sale of a co-owner's interest in property under § 363(h) requires that the trustee show that "partition in kind of such property among the estate and such co-owners is impracticable[.]" In support of this requirement, the Trustee submitted an affidavit wherein he set forth that it was his professional opinion that "this property is a single family residence and that it would be impracticable to partition this property in kind." (Doc. No. 31, Ex. B). Although no further evidence was submitted regarding this assertion, this Court has recognized that, when a residence is the subject property, partition will normally be impracticable. *In re Ziegler*, 396 B.R. at 4.

Notwithstanding, and as the Defendants point out, this matter does not involve an outright sale of a residence, but rather concerns only the sale of remindermen interests in the residence. A reminderman interest, however, is not an estate of possession. Rather, a remainder interest, when following a life estate, does not take effect as an estate in possession until the life estate is

Page 5

determined – that is, upon the death of the life in being. *Karako v. Lindberg*, Lake App. No. 97-L-022, 1998 WL 257043 *6 (Apr. 10, 1998).

In this matter, therefore, the estate of the Defendants is already fractionalized according to the time at which each of the Defendants has a right to possess the property. Moreover, the estate of the life tenant, Martha Cox, is not subject to sale in this proceeding. *See Kovacs v. Sargent (In re Sargent)*, 337 B.R. 661, 666-67 (Bankr. N.D.Ohio 2006) (where a debtor holds only a remainderman interest, § 363(h) does not permit a trustee to sell the property free from the interest of the life tenant). Under these circumstances, the Court is inclined to agree with the Defendants that the Trustee must offer evidence, beyond his professional belief, as to why partition is not practical. The same is also true for the second condition set forth in § 363(h).

Section 363(h)(2) requires that, as a condition precedent to the sale of a co-owner's interest in property, the trustee must show that a sale of only a debtor's interest in the property would realize significantly less for the estate than a sale of the property free from the interests of the property's co-owners. For this requirement, it has been recognized that a prospective purchaser will not normally be amenable to becoming a co-owner of property with a stranger. As a result, a sale of only a debtor's co-ownership interest in property is likely to have a chilling effect on any prospective purchasers of the property. *Id.*; *see also Bostic v. National City Bank (In re DeRee)*, 403 B.R. 514, 523 (Bankr. S.D.Ohio 2009).

Yet, as set forth before, the interest to be sold in this matter is that of a remainderman interest, not that of an interest in fee simple. Such a sale is, by its very nature, speculative, with the prospective purchaser having no present right to possess the property and taking subject to the interest and rights of the life tenant. Under this circumstance, the Court is not convinced that the Trustee's affidavit statement – setting forth that from his experience, a sale free from the interest of

Page 6

the co-owner is necessary to maximize the value to the estate – is sufficient, alone, to support his Motion for Summary Judgment. Corroborating evidence must be offered.

The Defendants finally controvert the third requirement of § 363(h) which requires the Court to balance whether the benefit to the estate of a sale of the property free from the interest of the Defendant, Mark Missler, would outweigh the detriment to him. For this assessment, the nature of the interests to be sold in this matter, being remaindermen interests, operates in favor of allowing a sale. Because the Defendant, Mark Missler, does not have a present right to possess the property, any detriment to him by a sale of his interest in the property would likely be minimal.

Even so, § 363(h)(3) requires that the detriment to the co-owner be assessed directly against any benefit likely to inure to the estate if the property were to be sold. Here, the Debtor's remainderman interest is encumbered by a lien in the approximate amount of $10,000.00, an amount representing more than 20% of the residence's value if title thereto were marketed in fee simple. A question, thus, exists as to the marketability of the Debtor's title to the property, and whether any meaningful value would be realized by the estate if the Debtor's remainder interest were to be sold. Accordingly on the issue of whether the benefit of a sale to the estate would outweigh the detriment to Mr. Missler, a genuine issue of fact exists thereby precluding the entry of summary judgment.

In addition to these substantive matters, the Defendants, in opposition to the Trustee's Motion for Summary Judgment, also contend that the "Trustee has not joined all necessary parties to this litigation and as such cannot obtain the relief requested[.]" (Doc. No. 37, at pg. 2). According to the Defendants, the creditor holding the lien against the Debtor's interest in the residence is a necessary party to this proceeding pursuant to Bankruptcy Rule 7019.

Rule 19 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7019, requires that, in certain situations, a person must be joined as a party for an

Page 7

**Louis J. Yoppolo, Trustee v. Mark Missler, et al.**
**Case No. 08-3035**

action to proceed. At this juncture, however, a determination of whether Rule 19 applies is not absolutely necessary.[2] In order to facilitate the litigation process, a court has the discretion to order that a person be made a party to an action, notwithstanding that the joinder of the party is not compulsory under Rule 19. 11 U.S.C. § 105(a). For the creditor, CACV of Colorado, LLC, the holder of the lien against the Debtor's remainderman interest, the Court finds that they should be made a party to this proceeding.

In conclusion, the Court finds that material facts exist regarding whether the Trustee is entitled to sell the remainderman interest of the Defendant, Mark Missler, pursuant to 11 U.S.C. § 363(h). Accordingly, on his Complaint to Sell Jointly Owned Property pursuant to 11 U.S.C. § 363(h), the Trustee's Motion for Summary Judgment must be Denied. Additionally, before this case will proceed, the Trustee shall be required to file an amended complaint so as to make CACV of Colorado, LLC, a party to this proceeding.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

---

[2] In an action to partition land, courts have come to various conclusions as to whether a lien holder is a necessary party to the action. *See* 68 C.J.S. *Partition* § 74.

Page 8

Louis J. Yoppolo, Trustee v. Mark Missler, et al.
Case No. 08-3035

Accordingly, it is

**ORDERED** that the Motion of the Plaintiff/Trustee, Louis J. Yoppolo, for Summary Judgment, be and is hereby, DENIED.

**IT IS FURTHER ORDERED** that the Plaintiff/Trustee, Louis J. Yoppolo, shall be afforded 21 days, commencing from the entry of this Decision, to file an amended complaint naming CACV of Colorado, LLC as a party defendant.

Dated: July 15, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 9